Gutshall Unemployment Compensation Case. American Viscose Corporation, Appellant, *v.* Unemployment Compensation Board of Review.

Argued March 9, 1953. Before RHODES, P. J., RENO, ROSS and WRIGHT, JJ. (HIRT, DITHRICH and GUNTHER, JJ., absent).

*Harry L. Siegel,* with him *Siegel & Siegel,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Robert E. Woodside,* Attorney General, for appellee.

PER CURIAM, July 14, 1953:

This is an appeal by the American Viscose Corporation, defendant employer, from the decision of the Unemployment Compensation Board of Review which reversed the referee and allowed the claim credit.

Claimant had been in the employ of appellant for several years. He was the union departmental chairman of the viscose department of appellant's rayon plant, and he was an employe of that department.

Claimant was discharged on June 1, 1951, for his responsibility for an illegal work stoppage, and for countermanding the orders of management in connection with work assignments in violation of an agreement between the American Viscose Corporation and the Textile Workers Union of America, C. I. O. Claimant and the other employes at appellant's plant were members of this union, and they were bound by the terms of the contract.

On July 9, 1951, claimant filed an application for benefits with the Bureau of Employment and Unemployment Compensation. The Bureau disallowed benefits on the ground that claimant caused his own discharge through willful misconduct connected with his work and was accordingly ineligible for benefits under section 402 (e) of the Unemployment Compensation Law as last amended by the Act of May 23, 1949, P. L. 1738, 43 PS §802, which provides: "An employe shall be ineligible for compensation for any week . . . In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work; . . ." On appeal the referee affirmed the decision of the Bureau. The referee found

that claimant was responsible for an illegal work stoppage and was accordingly guilty of willful misconduct and ineligible for benefits. The Board of Review reversed the decision of the referee, concluding that the claimant was acting in the capacity of a union official and not as an employe when he committed the alleged acts for which he had been discharged, and that therefore "it can scarcely be said that he was guilty of willful misconduct connected with his work." The Board's findings established that claimant countermanded proper orders of management in connection with work assignments in the department in which he was employed, but the Board did not assign willful misconduct to the claimant for any part that he might have played in the work stoppage with resultant loss to appellant.

It is unnecessary to review the evidence in detail as it was conceded by counsel at the argument that the decision of the Board should be reversed on the authority of *Muldoon Unemployment Compensation Case,* 170 Pa. Superior Ct. 625, 90 A. 2d 599, and *Kern Unemployment Compensation Case,* 172 Pa. Superior Ct. 324, 94 A. 2d 82.[1] It is sufficient to say that claimant's actions were in violation of the union contract, and that he was guilty of willful misconduct under the provision of section 402 (e) of the Law. The fact that he was a union official as well as an employe does not relieve him of the consequences of his conduct.

Decision is reversed.

---

[1] The opinions in these cases were filed subsequently to the decision of the Board of Review of March 12, 1952, in the instant case.